Richard E. CHIAPPA, Plaintiff,

v.

Joseph E. CALIFANO, Secretary of Health, Education and Welfare, Defendant.

No. 78 Civ. 4213.

United States District Court, S. D. New York.

Dec. 3, 1979.

---

**19.** *Bell v. Wolfish, supra,* 441 U.S. at 547, 99 S.Ct. 1861.

**20.** *Id.*

Zwerling & Zwerling, New York City, for plaintiff; Linda Strumpf, New York City, of counsel.

Robert B. Fiske, Jr., New York City, U. S. Atty. for the Southern Dist. of New York, for defendant; John M. O'Connor, New York City, of counsel.

SOFAER, District Judge:

The defendant moves to dismiss the complaint in this disability case on the ground that it was filed on September 7, 1978, more than sixty days after notice of the Secretary of HEW's decision was mailed to plaintiff. Social Security Act §§ 205(g) & (h), 42 U.S.C. § 405(g) & (h). The notice was mailed on June 27, 1978, some seventy days before the complaint was filed.

The time limit set forth in the Act is potentially a bar to any relief. *Califano v. Sanders,* 430 U.S. 98, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). By regulation, however, the Secretary has interpreted "mailing" to mean the date an individual receives notice of the Appeals Council's denial of his or her request for review. The date of receipt is presumed to be five days after the day on which notice is mailed, "unless there is a reasonable showing to the contrary." 20 C.F.R. 422.210(c). In this case, therefore, the date of presumed receipt is July 2, 1978, or sixty-five days before the complaint was filed.

Plaintiff claims to have made a reasonable showing to contradict the presumption of receipt within five days of mailing. He has filed an affidavit in which he affirms that during June 1978, he sold the house in which he lived at the time he filed his administrative appeal. He moved temporarily to a summer cottage in Hancock, New York on or about June 7. The notice of denial, which was mailed to plaintiff's earlier address, was forwarded to Hancock, but it reached there on July 13. This last fact is shown, first, by a notation on the notice as follows: "Received in Hancock, N.Y. July 13, 1978. RR Clerk." Second, at the court's request, plaintiff identified the railroad clerk involved, who has filed an affidavit confirming that he received the letter on the date indicated, and gave it to plaintiff immediately thereafter. Plaintiff swears he received the letter "about or after July 13, 1978." If plaintiff's version of the facts is to be accepted, he filed this action within sixty days of receiving the notice of the Appeals Council's decision.

The government has failed to controvert plaintiff's allegations in any respect. Furthermore, plaintiff has presented a facially credible explanation for a later receipt than the regulations presume. Finally, plaintiff filed his complaint only five days late. While this fact would not excuse an untimely filing, however minimally late, it serves in the present circumstances to show that plaintiff was not sleeping on his rights, and makes his explanation somewhat more credible than it would have been if a much longer and less readily explained period had passed. Given the remedial nature of the statute, *Haberman v. Finch,* 418 F.2d 664 (2d Cir. 1969), and given the agency's authoritative construction making the sixty days period commence on receipt, the plaintiff here has made a "reasonable showing."

The government's motion to dismiss is denied, and the parties are hereby ordered to make such motions on the merits as may be proper within thirty days.

SO ORDERED.