Melvin E. GIBBS

v.

**Patricia HARRIS, Secretary, Department of Health, Education and Welfare.**

Civ. No. HM79–2213.

United States District Court,
D. Maryland.

Oct. 15, 1980.

Melvin E. Gibbs, plaintiff, pro se.

Russell T. Baker, Jr., U. S. Atty., D. Maryland, Baltimore, Md., John F. Hyland, Jr., Asst. U. S. Atty., Joseph S. Friedman, Atty., Dept. of Health, Ed. and Welfare, Baltimore, Md., for defendant.

HERBERT F. MURRAY, District Judge.

Plaintiff Melvin E. Gibbs brings this action as an appeal from the denial by the Department of Health, Education and Welfare of his application for disability benefits.[1] The Department of Health, Education and Welfare has moved to dismiss on the ground that plaintiff Gibbs did not file his civil action within the time limits prescribed by statute.

Judicial review of determinations made by the Secretary of HEW is governed by 42 U.S.C. § 405(g), which provides in pertinent part:

Any individual, after any final decision of the Secretary ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision.

Section 405(h) of the same title states that "No findings of fact or decision of the Secretary shall be reviewed ... except as herein provided." Defendant asserts that because plaintiff Gibbs did not file a civil action within sixty days of the mailing to him of notice of the Department's final decision, this court lacks jurisdiction to hear this case.

Plaintiff commenced this action by filing a complaint in the District Court for the District of Columbia on December 6, 1978. Defendant's motion to dismiss is supported by the affidavit of Mr. William C. Taylor, Chief of Branch VII of the Division of Civil Actions in the Office of Hearing Appeals, Social Security Administration, Department of Health, Education and Welfare. In this capacity, Mr. Taylor is responsible for the

---

1. The Department of Health, Education and Welfare has been succeeded by the current Departments of Education and Health and Human Services. During all times pertinent to this lawsuit, the Department of Health, Education and Welfare was still in existence.

processing of claims under the Social Security Act whenever a civil action has been filed in the Fourth Circuit, and is also the legal custodian of the HEW files relating to the claim of plaintiff Gibbs. According to Mr. Taylor's affidavit and to Mr. Gibbs' complaint in this case, the Appeals Council of HEW affirmed the hearing examiner's decision to deny Mr. Gibbs' application in August, 1977.

It was at this point that the difficulties leading to the jurisdictional problems in this case began to develop. In plaintiff's complaint, he concedes that he has not complied with the time limitations set forth in 42 U.S.C. § 405(g), but asserts that this was because he never received notification of the final decision of the Appeals Council.

Mr. Taylor's affidavit states that the HEW file on Mr. Gibbs' claim indicates that although notice of final decision was mailed by the Appeals Council on August 17, 1977, this letter was returned to HEW on September 6, 1977, as undeliverable. Mr. Taylor asserts that on October 27, 1977, the plaintiff called the Office of Hearings and Appeals to determine the status of his case, and that a staff member advised Mr. Gibbs at this time that the Appeals Council had affirmed the decision of the hearing examiner, and that notification had been mailed to Mr. Gibbs on August 17, 1977. Mr. Gibbs told the staff member that he had received no notification. On October 31, 1977, the staff member tried to telephone Mr. Gibbs to inform him that the Appeals Council's notice had been remailed on September 29, 1977, but found that the number listed in the HEW files for Mr. Gibbs was not in service.

Defendant cites much authority which emphasizes the narrow construction to be afforded jurisdictional statutes, and there is ample case law illustrating the strict application of 42 U.S.C. § 405(g). For example, in *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir. 1974), the Sixth Circuit Court of Appeals reversed the decision of the district court to hear an appeal filed sixty–one days after notice was mailed to Mr. Whipp. The court stated at 801, "It is recognized that

strict application of the time limit works a hardship on the unfortunate applicant who misses the deadline by one day. In other contexts a delay in filing might be tolerated . . . However, . . . in the present case, an extension of a time limit in effect would extend the jurisdiction of the court." The same result was reached under identical circumstances in *Estep v. Weinberger*, 405 F.Supp. 1097 (S.D.W.Va.1976), where the court noted that the time limit of § 405(g) "begins to run from the date of the mailing, not from the date of receipt of notice." *Id.* at 1098.

It should be noted, however, that since these cases were decided, the provision of the Code of Federal Regulations implementing 42 U.S.C. § 405(g) has been amended. Until December, 1976, 20 C.F.R. § 422.-210 read in pertinent part, "Such actions must be filed within sixty days after the mailing . . . except that this time may be extended by the Appeals Council upon a showing of good cause." The language of this section now states:

> For purposes of this section, the date of receipt of notice of . . . the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

In the instant case, such a reasonable showing to the contrary has been made. HEW's own files indicate that the letter mailed to Mr. Gibbs in August of 1977 was never received. Thus, this court would not have required Mr. Gibbs to have filed within sixty–five days of August 17, 1977. The HEW records also demonstrate, however, that Mr. Gibbs was notified of the Appeals Council's decision by telephone in October 1977, and that the notice which was returned to HEW in August was remailed in September, 1977. At the hearing held before this court on defendant's motion to dismiss, plaintiff conceded that it was possible that he had received the notice after it was mailed the second time. Mr. Gibbs did not commence this action until December, 1978, more than a year after he received actual notice of the Appeals Council's decision.

Mr. Gibbs, who is pursuing this matter *pro se*, did not file pleadings in response to defendant's motion to dismiss. Although the court believes that reasonable cause to believe that Mr. Gibbs did not receive the letter sent to him on August 17, 1977 has been shown, the court is also mindful that the HEW records indicate that Mr. Gibbs had actual notice of the Appeals Council decision for over a year before he filed this civil action. Given these facts, this court will grant defendant's motion to dismiss Mr. Gibbs' complaint for failure to comply with the time requirements of 42 U.S.C. § 405(g). As a result, plaintiff's motion for summary judgment or default judgment shall be *Denied*.