**Bertha WORTHY, Plaintiff,**

v.

**Margaret HECKLER, as Secretary of the United States Department of Health and Human Services, Defendant.**

**No. CIV–83–987E.**

United States District Court, W.D. New York.

June 30, 1985.

James R. Sheldon, Jr., Buffalo, N.Y., for plaintiff.

Donald P. Simet, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final determination of the Secretary of Health and Human Services ("the Secretary") which had de-nied plaintiff's applications for Social Security disability and Supplemental Security Income benefits, defendant has moved to dismiss the Complaint as untimely under the applicable statute of limitations.[1]

Plaintiff does not dispute the facts that she had received in the latter part of March 1983 a copy of the Appeals Council's letter dated March 17th denying her applications for benefits, that such letter had constituted the final determination of the Secretary and that this suit was not commenced until September 8, 1983. However, plaintiff had been represented by counsel before the agency with respect to her applications since September 1, 1982 and her attorney has submitted his affidavit indicating that he did not receive a copy of the Appeals Council's decision until July 8, 1983, thereby tolling the statute of limitations until such date. Counsel has argued that this action should therefore be deemed timely.

Plaintiff's argument fails to address the fact that, even if such contention were to be accepted,[2] the Complaint was not filed until September 8, 1983, *62 days* after his receipt of the Secretary's final decision. Counsel has misconstrued the applicable limitations period to be 65 days due to his misinterpretation of 20 C.F.R. § 422.210(c). Such section provides in pertinent part

"(c) *Time for instituting civil action.*
Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is *received* by the individual * *. For purposes of this section, the date of receipt of notice of denial * * * shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. * * * *" (Emphasis supplied.)

1. 42 U.S.C. § 405(g) provides in pertinent part "Any individual, after any final decision of the Secretary made after a hearing to which he is a party, * * * may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of such decision* * * *." (Emphasis added).

42 U.S.C. § 1383(c)(3) provides for judicial review to the same extent as available under Section 405(g).

2. I do not now decide whether notice of the denial must be mailed to the applicant's attorney or other representative. See *Copeland v. Brennan,* 414 F.Supp. 644 (D.D.C.1975); 5 U.S.C. § 500(f).

■ This regulation, in altering the commencement date of the statutory period under section 405(g) in which to file suit from the day the decision is mailed to the date such notice is *actually received* by the claimant—*see Matsibekker v. Heckler,* 738 F.2d 79 (2d Cir.1984)—creates a rebuttable presumption that the Appeals Council's notice was received five days after the date set forth on the notice itself.[3] However the rule clearly does not purport to change the basic limitations period from 60 to 65 days, and the presumption regarding the date of receipt is not applicable, where as in the case at bar, the date of receipt is not in dispute.

■ Inasmuch as the instant Complaint was filed more than sixty days after the receipt of the Secretary's final determination and in view of the strictness with which the sixty day period has been consistently enforced—*see Chiaradonna v. Schweiker,* 569 F.Supp. 1471, 1474 (E.D.Pa. 1983)—, defendant's motion to dismiss this action as time-barred is hereby ORDERED granted.

**3.** I need not and do not explore the rationale by which an agency's regulations can change—not merely interpret—the clear language of the governing statute. Probably, in view of *Matsibekk-* *er v. Heckler, supra,* and this circuit's hierarchy, I am not free to do so as to this particular scenario.