**Quinton McCALL, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 87–4173**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1987.

Laurel G. Weir, Thomas L. Booker, Philadelphia, Miss., for plaintiff-appellant.

Daniel E. Lynn, Asst. U.S. Atty., Jackson, Miss., Harry S. Gold, Office of General Counsel, Baltimore, Md., for defendant-appellee.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Quinton McCall, in this appeal, challenges the district court's ruling that it lacks jurisdiction. We affirm.

## I.

The Social Security Administration denied McCall's application for disability benefits at the initial, reconsideration and hearing levels. He requested review by the Appeals Council on April 1, 1983 by certified mail. The request was denied on June 13, 1983. On June 20, the Appeals Council sent notice to McCall that it had denied his request for review and enclosed a copy of the June 13 opinion. That notice explained that McCall was entitled to judicial review but that such an action had to be commenced by McCall within sixty days of his receipt of the Appeals Council's decision.

On September 21, 1983, ninety-three days after the Appeals Council's decision was mailed, McCall petitioned the Council for an extension of time to file for judicial review because he failed to receive actual notice of the Council's decision. The Appeals Council denied McCall's request for an extension because he had been sent a correctly addressed notice of the Appeals Council's decision by certified mail and that letter was not returned.

On November 3, 1983, 137 days after the Appeals Council's decision was mailed to McCall and while McCall's petition for an extension was pending before the Appeals Council, McCall filed a petition in federal district court seeking judicial review of the Appeals Council's decision denying him benefits. The district court, notwithstanding the intervening decision by the Appeals Council denying McCall's request for an extension, remanded the case to the Appeals Council to determine whether McCall received notice of the Council's opinion. The Appeals Council, on remand, again concluded that McCall had failed to rebut the presumption that he received notice of the Council's decision by certified mail. McCall appealed this determination to the district court. The district court then dismissed McCall's suit on grounds that it lacked jurisdiction to review the Appeals Council's denial of McCall's request for an extension of time to file for judicial review. Alternatively, the district court held that the evidence did not support McCall's allegation of nonreceipt.

In this appeal, McCall argues that: (1) the district court has jurisdiction to review the Appeals Council's denial of McCall's motion to extend the time to seek judicial review; and (2) the district court erred in affirming the Council's finding that McCall received notice of the Council's June 13 decision by certified mail.

## II.

### A.

McCall first argues that the district court has jurisdiction to review the Appeals Council's denial of McCall's motion for an extension of time to seek judicial review.

■ *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), is dispositive of this argument. In *Sanders* the appellant was denied disability benefits, and that decision was eventually affirmed by the Appeals Council. Several years later, appellant asked the Appeals Council to reopen the case. The Appeals Council denied the request, and the appellant appealed that decision to the district court. The Supreme Court held that a district court's jurisdiction is limited to reviewing a final decision by the Secretary denying disability benefits. Because the Appeals Council's denial of a request to reopen the case is not a final decision, the Court concluded that the federal district court lacked jurisdiction to review this decision of the Appeals Council. Id. at 107–08, 97 S.Ct. at 985–86.

Under the teaching of *Sanders,* the Appeals Council's decision denying McCall's request for an extension of time to seek judicial review is not a final appealable decision; thus, the district court correctly concluded that it lacked jurisdiction to review this decision. See also *Harper v. Bowen,* 813 F.2d 737, 740–41, 743 (5th Cir.1987).

### B.

McCall next argues that he did not receive notice of the Appeals Council's June 13, 1983 decision until September 8, 1983 and therefore his appeal filed with the district court on November 3, 1983, is within

the prescribed sixty-day time period and is timely.

Judicial review of a determination made by the Secretary of Health and Human Services is controlled by § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

The Secretary, pursuant to its authority under § 405(g) to allow "further time" for the commencement of civil actions, promulgated 20 C.F.R. § 422.210(c).[1] Under the regulation, the sixty-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he did not receive such notice within five days. 20 C.F.R. § 422.210(c). If the appellant successfully rebuts the presumption, the burden is then placed upon the Secretary to establish that the appellant received actual notice. *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir.1984).

In the present case, the Appeals Council's decision was dated June 13, 1983, and notice of that decision was mailed on June 20, 1983; thus the government is entitled to a presumption that appellant received the notice on June 25. The appellant sought to rebut the presumption that he received notice in June by offering his affidavit and his attorney's affidavit stating that neither of them received notice of the Appeals Council's decision until September 8, 1983. The Appeals Council was entitled to conclude that this was insufficient to rebut the presumption of notice. As the court noted in *Rouse v. Harris*, 482 F.Supp. 766, 769 (D.N.J.1980):

> Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision.

*See also Chiappa v. Califano*, 480 F.Supp. 856 (S.D.N.Y.1979); *Gibbs v. Harris*, 501 F.Supp. 124 (D.Md.1980).

Moreover, even if we assume that such affidavits constitute a "reasonable showing to the contrary" the government submitted sufficient evidence from which a factfinder could reasonably infer that the Secretary did send McCall notice and that McCall promptly received that notice.

The Secretary submitted affidavits stating that the Appeals Council's decision was sent to McCall at his residence in Forrest, Mississippi, by certified mail on June 20, 1983. The Secretary also submitted a copy of the letter allegedly sent to McCall; the copy was properly addressed, stamped June 20, 1983, and had "certified No. 32296" written on it. Finally, the Secretary explained that because the Post Office retains records only for two years the government was unable to produce the signed receipt; however, if the certified

---

1. The pertinent portion of 20 C.F.R. § 422.210(c) provides:

   Any civil action described in paragraph (a) of this section must be instituted within sixty days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution or agency, except that this time may be extended by the Appeals Council on a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be five days after the date of such notice, unless there is reasonable showing to the contrary.

mail had not been delivered it would have been returned to the Council. This is sufficient evidence to support the finding that McCall received the notice promptly after it was mailed.

Because McCall failed to file for judicial review within sixty days after he received notice of the Appeals Council's decision, the district court properly dismissed his suit.

AFFIRMED.