Kenneth W. LESLIE, Plaintiff,

v.

Otis BOWEN, Secretary of Health and Human Services.

No. 88–1441–C.

United States District Court, D. Kansas.

Sept. 29, 1988.

Jack Shelton, Wichita, Kan., for plaintiff.

Benjamin Burgess, U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on defendant's motion to dismiss the plaintiff's complaint for failure to timely file. In a notice dated May 9, 1988, the Appeals Council denied plaintiff's request for review of the administrative law judge's finding that plaintiff was not disabled. Plaintiff filed his complaint in this court 71 days later on July 19, 1988.

Judicial review of social security disability claims is provided in 42 U.S.C. 405(g), which requires a civil action to be "commenced within sixty days after the mailing" of notice of the Secretary's decision. This statutory filing period has been altered by the Secretary and promulgated at 20 C.F.R. § 422.210(c), which states:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

*See also Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir.1984). The commencement date is changed from the date of mailing the notice [42 U.S.C. 405(g) ] to the date of receipt by claimant [20 C.F.R. § 422.210(c) ]. The Secretary's regulation also establishes a rebuttable presumption that receipt of notice occurs within "5 days after the date of such notice" unless the plaintiff makes a reasonable showing to the contrary. *Thibodeaux by Thibodeaux v. Bowen,* 819 F.2d 76, 79 n. 1 (5th Cir. 1987). *Matsibekker,* 738 F.2d at 81; *Worthy v. Heckler,* 611 F.Supp. 271, 273 (W.D. N.Y.1985). If plaintiff successfully rebuts

this presumption, the Secretary then has the burden to show plaintiff received actual notice under the regulation. *McCall v. Bowen,* 832 F.2d 862, 864 (5th Cir.1987).

■ The 60–day filing period is a statute of limitations and not a jurisdictional bar. *Thibodeaux,* 819 F.2d at 79; *see Bowen v. City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986). As it is a condition to the waiver of sovereign immunity, the 60–day filing requirement is strictly construed. *Bowen v. City of New York,* 476 U.S. at 479, 106 S.Ct. at 2029. By this provision, Congress intended to facilitate the speedy resolution of cases in a bureaucracy processing millions of claims each year. *Id.* at 481, 106 S.Ct. at 2030.

■ In the present case, plaintiff's only effort to rebut the presumption is a one-page memorandum in opposition and a two-paragraph affidavit wherein plaintiff simply avers he received the notice dated May 9, 1988, on May 23, 1988, without further elaboration or explanation. The court believes this effort is inadequate to rebut the 5–day presumption. The Fifth Circuit recently held that affidavits were insufficient to rebut the presumption:

> In the present case, the Appeals Council's decision was dated June 13, 1983, and notice of that decision was mailed on June 20, 1983; thus the government is entitled to a presumption that appellant received the notice on June 25. The appellant sought to rebut the presumption that he received notice in June by offering his affidavit and his attorney's affidavit stating that neither of them received notice of the Appeals Council's decision until September 8, 1983. The Appeals Council was entitled to conclude that this was insufficient to rebut the presumption of notice. As the court noted in *Rouse v. Harris,* 482 F.Supp. 766, 769 (D.N.J.1980):
>
>> Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or

her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision.
>
> *See also Chiappa v. Califano,* 480 F.Supp. 856 (S.D.N.Y.1979); *Gibbs v. Harris,* 501 F.Supp. 124 (D.Md.1980).

*McCall,* 832 F.2d at 864. This court agrees the rebuttable presumption would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary.

Courts have found the presumption rebutted where the Secretary's records show the notice was not mailed within five days of the date on the notice. *See, e.g., Matsibekker,* 738 F.2d at 81–82; *Bartolomie v. Heckler,* 597 F.Supp. 1113, 1115 (N.D.N.Y. 1984); *Gibbs v. Harris,* 501 F.Supp. 124, 125 (D.Md. 1980). One court found the presumption rebutted where the plaintiff presented "a facially credible explanation for a later receipt than the regulations presume." *Chiappa v. Califano,* 480 F.Supp. 856, 857 (S.D.N.Y. 1979). In *Chiappa,* plaintiff explained that he had temporarily moved and that the letter was forwarded to his new address as was indicated on the notice by the railroad clerk. The affidavit of the railroad clerk also supported the date of receipt at the forwarding address. The court finally noted that plaintiff filed his complaint within five days of his alleged receipt of the notice, showing a diligent, rather than dilatory, exercise of rights. 480 F.Supp. at 857.

In the present case, plaintiff has not presented any evidence, besides his affidavit. Plaintiff has not submitted any postmarked envelope. He has not offered any explanation for the late receipt or for the lack of any evidence to support his affidavit. Plaintiff's alleged receipt of the notice on May 23, 1988, still permitted him 51 days to timely file his complaint of the 60–day period calculated from the presumed 5–day receipt date. Plaintiff is rep-

resented by legal counsel. If difficulty in filing the complaint within the 51 days was anticipated, plaintiff could have sought an extension from the Appeals Council. Plaintiff made no such request. Under these circumstances, the court finds plaintiff has failed to rebut the 5–day presumption with either direct evidence or a facially credible explanation for the late receipt.

IT IS THEREFORE ORDERED that the Secretary's motion to dismiss is granted.