USCA1 Opinion

 

 June 27, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2326 MARIE ELIZABETH PISCOPO, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ Marie Elizabeth Piscopo on brief pro se. _______________________ Donald K. Stern, United States Attorney, Charlene A. Stawicki, ________________ _____________________ Special Assistant United States Attorney, and Paul Germanotta, ________________ Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. Plaintiff Marie Elizabeth Piscopo ___________ appeals a district court judgment dismissing her complaint for judicial review of a decision by the Secretary of Health and Human Services that required her to repay a $727.40 overpayment. The district court ruled that it lacked subject matter jurisdiction because plaintiff failed to file a timely complaint under 42 U.S.C. 405(g).1 We affirm. I. _ Appellant received a single lump-sum payment representing child's insurance benefits in October 1979. The Secretary later determined that an overpayment had been made and attempted to recoup same from plaintiff. Administrative proceedings ensued, the precise details of which are not clear because the full administrative record is not before us. It is undisputed that on September 14, 1987, an administrative law judge (ALJ) determined that plaintiff was overpaid $727.40, that plaintiff was without fault in causing the overpayment, and that recovery of the overpayment would not be waived. See 20 C.F.R. 404.506-404.509. Plaintiff ___ sought review of this decision by the Appeals Council. ____________________ 1. 42 U.S.C. 405(g) provides that: Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such time as the Secretary may allow . . . On May 25, 1988, the Appeals Council issued a decision which affirmed the ALJ's conclusions. The Appeals Council's decision stands as the final decision of the Secretary. That decision was accompanied by a notice which informed plaintiff that she could obtain judicial review of the Appeals Council's decision by filing a complaint with the appropriate federal district court "within sixty (60) days from the date of receipt of this letter." The notice also stated that "[i]t will be presumed that this letter is received within five (5) days after the date shown above [i.e., May 25, 1988] unless a reasonable showing to the contrary is made."2 Plaintiff commenced the instant action for judicial review of the Appeals Council's decision by filing her complaint with the Worcester Division of the United States ____________________ 2. The Appeals Council's notice appears to be modelled on 20 C.F.R. 422.210(c), the regulation which implements 42 U.S.C. 405(g). That regulation provides: Any civil action . . . [for judicial review of the Secretary's final decision] must be instituted within 60 days after the . . . notice of the decision by the Appeals Council is received by the individual, . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. . . . -3- District Court for the District of Massachusetts. The docket reflects that this complaint was filed on February 8, 1989, more than eight months after the Appeals Council issued its decision. Initially, the Secretary moved to remand the case because the Department of Health and Human Services was unable to locate plaintiff's file. The Secretary ultimately withdrew the motion to remand and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). The motion was supported by the affidavit of Joseph Ponton, a division chief within the Social Security Administration's Office of Hearings and Appeals, and portions of the administrative record. Essentially, the Secretary argued that the district court lacked jurisdiction because the complaint was not filed until almost nine months after the Appeals Council issued its decision and plaintiff failed to request an extension from the Appeals Council. Plaintiff opposed the Secretary's motion. She maintained that her action should be considered timely because she did not receive the Appeals Council's decision until June 9, 1988 and that she tried to commence this suit on August 5, 1988 by filing a copy of the notice that accompanied the Appeals Council's decision with the district court clerk on that date.3 ____________________ 3. Plaintiff initially asserted this argument in her response to the Secretary's motion to remand. That response includes a copy of the Appeals Court's May 25, 1988 notice which appears to bear the district court's time stamp of (continued...) -4- The district court determined that the record was insufficient to allow resolution of the Secretary's motion and ordered the Secretary to submit an affidavit stating the date on which the Appeals Council's decision was mailed to plaintiff. The court also ordered plaintiff to submit an affidavit stating the date that she received the Appeals Council's decision. Plaintiff submitted a sworn response reiterating her contentions that she received the Appeals Council's decision on June 9, 1988 and that she attempted to file a copy of the notice that accompanied that decision as her pro se complaint on August 5, 1988. Plaintiff further ___ __ averred that the court found her original "pro se summons" ___ __ unacceptable and that she was assured that the time stamp on the Appeals Council's notice was sufficient evidence that she commenced her action within the sixty-day period. Plaintiff's response was accompanied by another copy of the Appeals Council's notice with the curious time stamp, a photocopy of the civil action cover sheet with "8/5/88" ____________________ 3. (...continued) August 5, 1989. The "9" appears to have a mark drawn through ____ it. Plaintiff maintains that the date is really August 5, 1988 and that she "was informed said stamp would allow ____ sufficient time to complete an acceptable pro se summons and ___ __ subsequent summons was filed in finished form . . . on February 8, 1989." Plaintiff appears to be referring to her complaint when she speaks of a "summons." -5- written at the bottom,4 and a photocopy of an undated civil action category sheet. The Secretary submitted another affidavit by Joseph Ponton who swore that plaintiff's file showed that the Appeals Council sent its decision by mail to plaintiff's post office box on May 25, 1988 and that it is the custom of the Office of Hearings and Appeals to place such notices in the mail on the date shown on the notice. The Secretary also challenged plaintiff's assertion that she commenced this action on August 5, 1988 and pointed out (correctly in our view) that the time stamp appears to be dated August 5, 1989. However, plaintiff filed an additional affidavit which also correctly pointed out that August 5, 1988 fell on a Friday while August 5, 1989 fell on a Saturday. Thus, plaintiff claimed that she could not possibly have filed the notice in 1989. The district court found that the Appeals Council issued its decision on May 25, 1988 and that plaintiff filed an untimely complaint on February 8, 1989. The court did not specifically address plaintiff's claim that this action should be considered timely because she tried to file a pro ___ se complaint with the clerk on August 5, 1988. The district __ court's ruling appears to have implicitly rejected this ____________________ 4. We note that the original civil action cover sheet is time-stamped February 8, 1989. -6- argument in allowing the Secretary's motion to dismiss. Judgment was entered on November 23, 1993. This appeal followed. II. __ On appeal, plaintiff argues that the district court erred by failing to consider her status as a pro se litigant. ___ __ Although her argument is not clearly stated, plaintiff seems to be saying that she attempted to file her pro se action on ___ __ August 5, 1988, that her filing was rejected by the clerk because it was not in proper form, and that the clerk time- stamped the copy of the Appeals Council's notice that plaintiff attempted to file and assured her that this was sufficient to make her action timely under 42 U.S.C. 405(g).5 Plaintiff says that, under these circumstances, this case should be allowed to proceed. For purposes of resolving this appeal we shall assume, without deciding, that plaintiff attempted to file a ____________________ 5. Plaintiff's brief, pp. 2-3, states that the clerk time- stamped the notice "with the assurance that a reasonable refiling would be within a six-month period" from the date of the stamp. As plaintiff maintains that the stamp is dated August 5, 1988, her argument implies that the clerk assured her that she had until February 1989 to file a proper complaint. While this argument was raised below in the plaintiff's opposition to the Secretary's request to remand, it is slightly different from plaintiff's claim that the clerk assured her than the time-stamp was sufficient evidence that this action was commenced on August 5, 1988. Plaintiff does not squarely make this argument on appeal. Nevertheless, in view of our custom to construe pro se ___ __ filings liberally, we have considered both contentions. -7- pro se complaint on August 5, 1988 and that the district ___ __ court clerk erred in rejecting it. See Case v. Califano, 441 ___ ____ ________ F. Supp. 304, 306 n.1 (D.S.C. 1977) (noting that the filing of a copy of the Appeals Council's rejection letter was sufficient to commence civil action where court had "seen all types of scraps of paper construed as proper complaints in pro se prisoner actions"). We note that in 1991, Rule 5(e) ___ __ of the Federal Rules of Civil Procedure was amended to provide that, "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."6 While this rule did not exist before 1991, we shall assume for purposes of this appeal that the complaint plaintiff filed on February 8, 1989 may relate back to August 5, 1988, the date she allegedly first attempted to file suit.7 Thus, the question is whether dismissal was proper if plaintiff's action is deemed to have been commenced on August 5, 1988. ____________________ 6. The Advisory Committee notes to this amendment indicate that it was intended to proscribe several local district rules which directed clerks to refuse to accept papers for filing that were not in proper form. This practice was criticized because it exposed litigants to potential time bars and was "not a suitable role for the office of the clerk. . . ." 7. Thus, we need not resolve whether the time-stamp on the Appeals Council's notice is dated 1988 or 1989. -8- It is well-established that the 60-day filing period set forth in 42 U.S.C. 405(g) is not jurisdictional, but rather constitutes a statute of limitations. See Bowen ___ _____ v. City of New York, 476 U.S. 467, 478 (1986). As such, the ________________ limitation period constitutes a condition on the waiver of sovereign immunity that must be strictly construed. Id. at ___ 479; Leslie v. Bowen, 695 F. Supp. 504, 506 (D. Kan. 1988). ______ _____ Thus, 42 U.S.C. 405(g) "generally precludes late judicial challenge to the denial of benefits." Willow v. Sullivan, ______ ________ 733 F. Supp. 591, 594 (N.D. N.Y. 1990). Although 42 U.S.C. 405(g) requires civil actions for judicial review of the Secretary's final decisions to be commenced within 60 days after the mailing of the notice of decision or "such time that the Secretary may allow," courts agree that 20 C.F.R. 422.210(c) makes the date that the claimant receives the Secretary's notice of decision the trigger point for statute of limitations purposes. See, ___ e.g., Barrs v. Sullivan, 906 F.2d 120, 122 (5th Cir. 1990) ____ _____ ________ (per curiam); Wong v. Bowen, 854 F.2d 630, 631 (2nd Cir. ____ _____ 1988) (per curiam). Cf. Hatchell v. Heckler, 708 F.2d 578, ___ ________ _______ 579 (11th Cir. 1979) (60 days runs from date of notice of decision or date of receipt). Moreover, 20 C.F.R. 422.210(c) creates a rebuttable presumption that the date of receipt is five days after the date of the notice unless the plaintiff makes "a reasonable showing to the contrary." See, ___ -9- e.g., McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); ____ ______ _____ Matsibekker v. Heckler, 738 F.2d 79, 81 (2nd Cir. 1984); ___________ _______ Leslie v. Bowen, 695 F. Supp. at 505; Bartolomie v. Heckler, ______ _____ __________ _______ 597 F. Supp. 1113, 1115 (N.D. N.Y. 1984); Worthy v. Heckler, ______ _______ 611 F. Supp. 271, 273 (W.D. N.Y. 1985); Chiappa v. Califano, _______ ________ 480 F. Supp. 856, 857 (S.D. N.Y. 1979). It is undisputed that the Appeals Council dated and mailed its decision to plaintiff on May 25, 1988. Under 20 C.F.R. 422.210(c), the Secretary is entitled to a rebuttable presumption that plaintiff received this decision five days later on May 30, 1988. Any civil action for judicial review of that decision must have been commenced sixty days thereafter, i.e., by July 29, 1988, in order to be ____ timely. Plaintiff argues that she did not actually receive the Secretary's notice until June 9, 1988, and, therefore, her filing of August 5, 1988, was timely. In support of this assertion, plaintiff avers that, for many years she maintained a post office box for the receipt of mail. She claims that she did not visit the post office daily, but weekly or biweekly for her convenience.8 While that may be so, it does not establish that the Secretary's notice was not delivered to plaintiff's post office box within five days of ____________________ 8. Plaintiff made these averments in the supplemental affidavit that she filed in response to the Secretary's motion to dismiss. -10- its mailing on May 25, 1988. The fact that plaintiff may have chosen not to pick up her mail until some time after it was delivered does not refute the presumption that it was received. To hold otherwise would mean that any claimant could avoid the limitations period by simply asserting that he did not open his mail. We do not think that the filing deadline may be side-stepped so easily. See McCall v. Bowen, ___ ______ _____ 832 F.2d at 864-65 (holding that Appeals Council was entitled to conclude that affidavits of plaintiff and his counsel which claimed that they did not receive notice of Appeals Council's decision until over two months after its mailing were insufficient to rebut presumptive date of receipt); Leslie v. Bowen, 695 F. Supp. at 506 (rejecting plaintiff's ______ _____ uncorroborated claim that he did not receive May 9, 1988 notice until May 23, 1988); Rouse v. Harris, 482 F. Supp. _____ ______ 766, 768-69 (D.N.J. 1988) (rejecting claims of plaintiff and her counsel denying receipt of separate notices of Appeals Council's decision absent "a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days" of mailing).9 ____________________ 9. We recognize that the plaintiffs in these cases were all represented by counsel and that the Appeals Council sent its decisions to Rouse and McCall by certified mail, thus _____ ______ arguably making a stronger case for applying the presumption in 20 C.F.R. 422.210(c). But we do not think that these distinctions are important here, where plaintiff concedes that she received the Appeals Council's notice and only contests the applicable date of receipt. Plaintiff's (continued...) -11- Accordingly, we conclude that plaintiff's assertion that she did not receive the Secretary's notice until June 9, 1988 because she failed to pick up her mail before then is insufficient to rebut the presumption that the notice was received within five days of its date and mailing on May 25, 1988. Thus, even if plaintiff commenced this action on August 5, 1988, it remains time-barred. Plaintiff's remaining arguments on appeal do not further her cause. She notes that the law allows the Secretary to extend the appeal period for "good cause." See ___ 20 C.F.R. 404.911. She says that good cause is present here because she took a "few months" to prepare her complaint as a result of directions received from the district court clerk. But as the limitations period had already expired by the time plaintiff purportedly received these directions, her reliance on the clerk did not defeat her appeal. Moreover, generally only the Secretary has the power to grant extensions for good cause. See Matsibekker v. Heckler, 738 ___ ___________ _______ F.2d at 81.10 Plaintiff also points out that the Secretary was not prejudiced by the late filing of her complaint. The ____________________ 9. (...continued) reliance on a post office box made certified mail impractical in this case. 10. This is not a case like Bowen v. City of New York, 476 _____ _________________ U.S. at 479-82, where the government's misconduct justified the application of the principle of equitable tolling. -12- point is irrelevant. The Secretary is not obliged to waive a statute of limitations defense, particularly where the limitations period serves "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen v. City of New York, 476 U.S. at 481. See also _____ __________________ ___ ____ Thibodeaux v. Bowen, 819 F.2d 76, 79 (5th Cir. 1987) (per __________ _____ curiam) (affirming dismissal of disability appeal where Secretary declined to waive limitations defense). Thus, contrary to plaintiff's belief, dismissal on this ground does not elevate form over substance. Finally, plaintiff argues that the Social Security Administration erred in finding that she received an overpayment and that the Appeals Council erred by failing to consider evidence from one of plaintiff's employers which would have proven that the overpayment was incorrectly assessed. Because we ground our decision on the statute of limitations, we need not reach these contentions. Judgment affirmed. _________________ -13-