United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 04-20721

———————————————

ANDREY L. BURTON,

Plaintiff-Appellant,

versus

BANTA GLOBAL TURNKEY LTD., Etc.; ET AL,

Defendants,

BANTA GLOBAL TURNKEY LTD., doing business as Banta Corporation; UNICARE HEALTH PLANS OF TEXAS INC., formerly known as MethodistCare Inc.; UNICARE HEALTH PLANS OF TEXAS INC., Individually,

Defendants-Appellees.

———————————————————————————————

Appeal from the Unites States District Court
for the Southern District of Texas
(4:04-CV-411)

———————————————————————————————

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge.[*]

In this action, the plaintiff appeals the district court's order granting summary judgment in favor of the defendants on all counts. We affirm in part and reverse in part.

## I. FACTS AND PROCEEDINGS

---

[*]Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

**A.    Facts**

Andrey L. Burton was employed by Banta Global Turnkey, Ltd. ("Banta") and covered by health insurance through MethodistCare, Inc.  By acquisition and change of name, MethodistCare became UniCare Health Plans of Texas, Inc. ("UniCare").   On August 22, 2001, Burton's employment was terminated; on August 31, 2001, his coverage was terminated.  Banta did not inform Burton of his rights to continue medical coverage at that time.

On September 1, 2001, the day after his health insurance coverage terminated, Burton was admitted to the Park Plaza Hospital in Houston, Texas.  He underwent surgery on both September 2 and 8, 2001.  Burton remained under medical care until October 2001, incurring over $150,000 in medical expenses.

According to Burton, he did not learn, until after his surgery, that his employment had been terminated.  He underwent the job separation process with Banta in November 2001, but maintains that he did not learn that the termination date in his personnel file was listed as August 22, 2001, until after he had filed suit.  Banta asserts that two letters, respectively dated November 14 and 16, 2001, were sent to Burton.  These letters indicated that Burton was not covered by medical insurance.

**B.    Proceedings**

On December 19, 2003, Burton brought suit against Banta and Banta's employee welfare benefits provider, UniCare, in Texas court.[1]  UniCare removed the case to federal district court and asserted that Burton's state law claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*  Burton alleged that he had not been notified of the

---

[1]The state court complaint named a number of related corporate entities, but the district court reduced the defendants to Banta and UniCare and dismissed the other named defendants.

termination of either his employment or his coverage and that he had not been made aware of his entitlement to continued coverage under the Consolidated Omnibus Retirement Income Security Act ("COBRA"), 29 U.S.C. § 1161, *et seq.* On the COBRA claim, Burton sought payment of his medical bills and a $110 per day penalty. In addition, Burton alleged violations of ERISA and asserted state fraud-based claims.

Banta asserted that the COBRA claim was time-barred because suit was initiated more than two years after Burton was put on notice of his coverage termination. Banta relied on the two letters, which were purportedly sent to Burton, as establishing notice. Although Burton denied receiving the letters, Banta maintained that notice was established because the letters were entitled to the presumption of receipt. The parties briefed only the COBRA statute of limitations issue for summary judgment.

The district court agreed with Banta and granted summary judgment against Burton. The judgment, titled a final judgment, was a take nothing judgment in favor of all of the defendants. The parties had not briefed the non-COBRA claims. Burton moved for reconsideration and argued (1) that the letters did not establish notice because the presumption of receipt did not apply to either letter and (2) that the district court should not have granted judgment on the ERISA and fraud claims without discovery or sufficient notice. The district court denied the motion for reconsideration with written reasons. Burton now appeals raising, essentially, the same arguments.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, employing the same standard as that employed by the district court. *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 333 (5th Cir. 2005) (citing *Royal Ins. Co. of Am.*

*v. Hartford Underwriters Ins. Co.*, 391 F.3d 639, 641 (5th Cir. 2004)). Questions of law are also reviewed de novo. *Id.* (citing *In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003)). If, based on the record before the district court, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," summary judgment is appropriate. FED. R. CIV. P. 56(c); *Keszenheimer v. Reliance Standard Life Ins. Co.*, 402 F.3d 504, 507 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). If facts give rise to multiple inferences, they are construed in favor of the non-movant. *Keszenheimer*, 402 F.3d at 507 (citing, *inter alia*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). We review the district court's decision to grant summary judgment on its own motion without first giving the parties ten-days notice for harmless error. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).

## III. DISCUSSION

### A. COBRA Claim—Timeliness

When an employee enrolled in a benefits plan is terminated, COBRA requires the plan sponsor to notify the beneficiary of the option to continue coverage under the plan. *See* 29 U.S.C. § 1166(a)(4). *See also Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507–08 (5th Cir. 2004) (describing the notice requirement in COBRA). Under 29 U.S.C. § 1132(c)(1)(A), a plan administrator is personally liable for the failure to comply with §1166(a)(4). In Texas, COBRA claims for violations of § 1166 have a two-year statute of limitations. *Lopez*, 389 F.3d at 510 (borrowing a two-year statute of limitations from TEX. INS. CODE art. 21.21, § 16(d)

- 4 -

(repealed)).[2] Texas insurance law employs the discovery rule. *See Sabine Towing & Transp. Co. v. Holliday Ins. Agency, Inc.*, 54 S.W.3d 57, 60 (Tex. App. 2001) (citing *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994), and *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990)); TEX. INS. CODE § 541.162(a) ("A person must bring an action under this chapter before the second anniversary of . . . (1) the date the . . . unfair or deceptive act or practice occurred; or (2) the date the person discovered or, by the exercise of reasonable diligence, should have discovered that the . . . unfair or deceptive act or practice occurred."). Under the discovery rule, accrual of the cause of action defers "until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the facts giving rise to the cause of action." *Sabine Towing*, 54 S.W.3d at 60.

Neither party contends that Banta actually complied with § 1166. Rather, Banta entirely relies on the two-year limitations period. Banta asserts that Burton was made aware of Banta's failure to comply with § 1166 upon receipt of two letters respectively dated November 14 and 16, 2001. Under Banta's theory, Burton's claim is time-barred because he had until November 2003 to bring suit, but did not file until December 19, 2003. Burton, in an affidavit, denies having received the letters. The district court held that Burton was on notice of his claim because the presumption of receipt that attaches to a properly directed and mailed letter applied. We disagree.

"Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person

---

[2]We observe that Texas repealed TEX. INS. CODE art. 21.21, § 16(d), *see* Acts 2003, 78th Leg., ch. 1274, § 26(a)(1), eff. April 1, 2005, which formed the basis of the holding of *Lopez*. However, Texas codified a similar two-year limitation period. *See* TEX. INS. CODE § 541.162(a). Accordingly, we continue to rely on *Lopez*.

to whom it was addressed." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). *See also Hagner v. United States*, 285 U.S. 427, 430 (1932); *Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006) (citing *Beck*). However, Banta supplied insufficient proof to support the district court's ruling that the letters were entitled to the presumption of receipt. Because the circumstances surrounding each of the letters cast sufficient doubt on whether they were either sent or delivered, the district court erred in applying the presumption. Accordingly, there is a genuine issue of fact as to whether the letters were received.

If either letter were entitled to the presumption, the non-receipt of the other would be immaterial; accordingly, we address both letters.

**(1)     November 14 Letter**

The first letter, dated November 14, 2001, originated from the office of a treating physician, Joseph C. Gathe, Jr., M.D. The letter stated that Burton's "insurance company ha[d] not made a payment on [Burton's] claim" because he had "[n]o coverage at the time of service." If Burton had received this letter timely, it may have been enough to put him on notice of his lack of coverage and, hence, the COBRA violation. Banta has no evidence that Burton received the letter. Therefore, it must prove that the letter was properly mailed and directed to establish the presumption of receipt.

Banta attempted to prove that it was entitled to the benefit of the presumption with an affidavit by Valerie Flourney, Dr. Gathe's employee and billing custodian. Sometime after the original affidavit was filed, it became known that Flourney was not an employee at the time the letter was sent; rather, she was hired more than two years after the letter had been sent. In light of this fact, Banta submitted an amended affidavit, in which Flourney described the normal manner and procedure

of preparing invoices like the letter in question.[3]  In denying Burton's Rule 59(e) motion, the district court stated that the amended affidavit sufficed because "[b]usiness records certifications are about the witness's knowledge of the process, not his participation in the events."

A district court cannot consider inadmissible evidence contained in affidavits.  FED. R. CIV. P. 56(e).  *See also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (dealing with hearsay testimony).  Here, the amended affidavit is not a declaration of a witness with "personal knowledge" who is "competent to testify to the matters stated therein."  FED. R. CIV. P. 56(e).  *See also* FED. R. EVID. 602.  The offered testimony in the amended affidavit is akin to evidence of a routine practice of an organization under FED. R. EVID. 406.  There is no challenge as to Flourney's competency to testify about the office's procedures, but, similarly, there is no question that she is not competent to testify as to what those procedures were in November 2001 or whether they were then consistently followed.[4]  Moreover, the amended affidavit is not relevant to the issue at hand because it does not purport to address the procedures in place at the time the letter was sent.

In *United States v. Wilson*, this court declined to presume that a letter was received where

---

[3]The district court's order granting summary judgment was issued the same day Banta submitted the amended affidavit.  A large part of Burton's Rule 59(e) motion dealt with the impact of the amended affidavit.  As such, this discussion addresses Burton's challenges to the district court's denial of the Rule 59(e) motion and makes a separate discussion unnecessary.

[4]Banta cites several cases for the proposition that "there is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." However, each of the cases cited address the business records exception to the hearsay rule in FED. R. EVID. 803(6).  Banta has conflated the requirements for the business records exception and those of the presumption of receipt upon proper mailing.  The presumption's applicability, not the letter's admissibility, is in question.  None of the cases cited relieve the testimony's proponent of the burden, under FED. R. EVID. 602, to "support a finding that the witness has personal knowledge of the matter" about which the affiant is attesting.

the witness in support of a mailing did not work on the matter and had no personal knowledge of the procedures in place at the time of mailing. 322 F.3d 353, 362 (5th Cir. 2003). This is not to say that an affiant must have personal knowledge of the letter's mailing, *see, e.g., Simpson v. Jefferson Standard Life Insurance Co.*, 465 F.2d 1320, 1324 (6th Cir. 1972) (noting that "federal courts recognize that proof of a business system of preparing and mailing letters, and compliance with such a custom in the particular instance, is sufficient to establish proof of mailing"), but, to be a competent witness for the purpose of Rule 56(e), at a minimum the affiant must have personal knowledge of the procedures in place at the time of mailing. FED. R. EVID. 602. In ruling that Flourney need not have such knowledge to testify in support of the presumption of receipt, the district court erred. Absent the presumption, Burton's affidavit denying receipt is sufficient to create an issue of fact.

**(2)     November 16 Letter**

The second letter, dated November 16, 2001, which originated from Tenet Healthcare Systems, provided that Tenet had been notified that Burton's "policy has been terminated." As before, if the letter had been received, it may have been enough to put Burton on notice of the COBRA violation. Also, as before, Banta relies only on the presumption to establish receipt of this letter.

Banta has failed to prove that the presumption applies to this letter for two reasons: (1) the letter was sent by certified mail and no delivery receipt was produced; and (2) the letter bears an incorrect address. The necessary proof to give rise to the presumption of receipt changes when the letter is sent by certified mail. In *Mulder v. Commissioner of Internal Revenue*, this circuit held that "[w]hile it is presumed that a properly-addressed piece of mail placed in the care of the Postal Service has been delivered, no such presumption of delivery exists for certified mail when the requested return

- 8 -

receipt is not received by the sender."[5] 855 F.2d 208, 212 (5th Cir. 1988).  Here, Banta has produced

no certified mail receipt of delivery.

Moreover, the evidence did not show that the letter was properly addressed:  it was addressed

to "6514 Sandy York," but Burton's address was "6514 Sandy Oak."  The district court surmised

that "a mailman can determine where to deliver a letter" despite the fact that the street name is partly

incorrect.  But this conclusion lacked requisite summary judgment evidentiary support in light of the

absence of a delivery receipt and the incorrect address.

Viewing the evidence in light most favorable to the non-movant, we conclude that neither

letter was entitled to the presumption of receipt.  Because the question of whether either letter was

actually received is a question of material fact, the district court erred in granting summary judgment

on the COBRA claim against Banta.  Burton is entitled to have this issue resolved by the fact finder.[6]

UniCare contends that it was not Burton's employer and is not liable for the COBRA claim.

Burton does not contest that argument on appeal and, therefore, has waived it.  Summary judgment

on the COBRA claim with respect to UniCare is appropriate.

**B.      ERISA & Fraud Claims—Notice of Summary Judgment**

---

[5]We note that in *McCall v. Bowen*, this court applied a presumption of receipt where a letter was sent by certified mail, but no receipt was produced.  832 F.2d 862, 864 (5th Cir. 1987). However, in *McCall*, the sender did produce a copy of the letter, which was properly addressed, stamped, and had a certified mail number written on it.  In addition, the sender adequately explained the absence of the receipt.  *Id.*

[6]Because we conclude that the letters are not entitled to the presumption of receipt, we express no opinion on whether Burton's denial of receipt, standing alone in his affidavit, would have been sufficient to rebut the presumption in the context of summary judgment.  Further, we need not consider Burton's challenges to the affiant's credibility.

Banta pursued its motion for summary judgment exclusively on the COBRA issue. However, the district court entered a take nothing judgment against Burton on all claims. In its denial of the Rule 59(e) motion, the district court stated that it had founded its summary judgment for the non-COBRA claims on two points: (1) Burton was not employed at the time of his medical treatment; and (2) Burton's state law fraud claims were preempted by ERISA.[7]

Burton does not contest these substantive points. Nevertheless, he argues that the district court's failure to properly warn the parties that summary judgment on these issues was under consideration constituted reversible error. On appeal, Burton limits his argument to the district court's failure to give ten-days notice before entering summary judgment on its own motion.

To an extent, Burton is correct: "District courts can enter summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence." *Washington v. Resolution Trust Corp.*, 68 F.3d 935, 939 (5th Cir. 1995). *See also Benchmark*, 343 F.3d at 725. Burton contested the procedural propriety of the summary judgment ruling in his Rule 59(e) motion. Therefore, we review the district court's failure for harmless error. *Benchmark*, 343 F.3d at 725; *Washington*, 68 F.3d at 939–40.

In this circuit, lack of notice is "considered harmless if the nonmovant has no additional evidence." *Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1403 n.7 (5th Cir. 1993)). In addition, we have made clear that a party's Rule 59(e) motion suffices to cure any harm from lack of notice: "If the party opposing the motion for summary judgment is 'afforded

---

[7]Burton does not specifically challenge the district court's ruling on ERISA preemption. Instead, he focuses exclusively on the lack of notice and discovery. Because preemption is a purely legal issue, this ruling of the district court is unaffected by any discovery issues. In any event, the district court's ruling is correct. *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558–59 (5th Cir. 2004) (holding fraud claims preempted by ERISA).

an opportunity . . . to present the court with evidence supporting [its] arguments' in a motion for reconsideration, the court's failure to provide an opportunity to respond is harmless error." *Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 869 n.4 (5th Cir. 2002) (quoting *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 402 (5th Cir. 1998)) (alterations in original).

Burton argues that he intentionally limited the evidence in his summary judgment briefs to the COBRA issue. However, neither his brief in support of his Rule 59(e) motion nor his brief before this court contain any evidence in support of his non-COBRA claims; he does not even allege that any such evidence exists. He states, in his motion for reconsideration, that no discovery had taken place on the non-COBRA issues and implies that he was denied the opportunity to engage in discovery on those issues. However, in the order denying reconsideration, the district court pointed out that the parties had agreed that no further discovery was necessary. Burton does not contest this statement on appeal.

The record evidence shows that Burton was terminated on August 22, 2001, and that his insurance coverage was terminated on August 31, 2001. Because of these events, Burton was no longer entitled to coverage under the plan. Before this court, Burton has not described any evidence that might be available upon further discovery to refute the record evidence. Indeed, Burton has not even argued that he was employed at the time of his medical treatment.

Burton had the opportunity in his Rule 59(e) motion and his briefs to this court to identify any evidence that might be available to support his ERISA claim. Because he has advanced no evidence and given no indication that such evidence exists, the district court's failure to afford him ten days notice before entering summary judgment was harmless.

## IV. CONCLUSION

We AFFIRM the district court's grant of summary judgment in favor of UniCare on the COBRA claim. Further, we AFFIRM the district court's grant of summary judgment to all defendants on the ERISA and state fraud claims. However, because the district court erred in granting Banta summary judgment on the COBRA claim, we REVERSE in part and REMAND to the district court for further proceedings for that claim.