**Mrs. Jessie M. FREELS**

v.

**Joseph CALIFANO, Jr., Secretary of Health, Education and Welfare.**

**Civ. No. 3–79–181.**

United States District Court, E. D. Tennessee, N. D.

June 18, 1979.

New York Labor Law § 591(2) (McKinney 1977).

1. 42 U.S.C. § 1383(c)(3) provides:

Victor H. Ashe, II, Morton, Lewis & Krieg, Knoxville, Tenn., for plaintiff.

John H. Cary, U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action to review the denial of benefits under Titles II and XVI of the Social Security Act, ("the Act"), 42 U.S.C. §§ 401 *et seq.* and 42 U.S.C. §§ 1381 *et seq.* Jurisdiction of the Court is invoked pursuant to Sections 205(g) and 1631(c)(3) of the Act, 42 U.S.C. §§ 405(g) and 1383(c)(3). Under these provisions, review of a denial of benefits may be obtained "after any final decision of the Secretary . . . by a civil action commenced within sixty days after the mailing [to the claimant] of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g).[1]

In this case, the Hearing Examiner denied benefits to the plaintiff on August 21, 1978. That decision became the final decision of the Secretary when the Appeals

The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 205(g) [42 U.S.C. § 405(y)] . . . . .

Council declined to review it on January 29, 1979. On the same day, notice of this decision as well as notice of the time limit for commencement of an action in district court was mailed to claimant. No extension of time was ever requested, nor was one ever granted by the Secretary. The present action was filed April 20, 1979, more than sixty days after the mailing of notice of the final decision of the Secretary. The Secretary has moved to dismiss the action as untimely filed.

Counsel for plaintiff admits that the statutory time limit has not been complied with and asks the Court to grant relief. Counsel says that the failure to file was due to inadvertence.

 The sixty day limit for judicial review of administrative action under the Act is a jurisdictional limitation. See *Whipp v. Weinberger,* 505 F.2d 800, 801 (6th Cir. 1974). Timely filing is an absolute precondition which this Court lacks the power to waive. See *Bomer v. Ribicoff,* 304 F.2d 427, 429 (6th Cir. 1962). Only the Secretary may extend the time for filing and that has not been done in this case.

For the foregoing reasons, it is ORDERED that the motion to dismiss be, and the same hereby is, granted, and that this case be, and the same hereby is, dismissed.

Order accordingly.