**Mikhail MATSIBEKKER,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services of the United States, Defendant-Appellee.**

**No. 1064, Docket 83–6232.**

United States Court of Appeals,
Second Circuit.

Argued April 6, 1984.

Decided June 26, 1984.

Glenn A. Ousterhout, New York City (Fish & Neave, New York City, of counsel), for plaintiff-appellant.

Thomas B. Roberts, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Miles M. Tepper, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before TIMBERS, VAN GRAAFEILAND and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

Plaintiff Mikhail Matsibekker appeals from an order of the United States District

Court for the Eastern District of New York, Henry Bramwell, *Judge,* dismissing his claim for failure to comply with the applicable 60 day statute of limitations. Matsibekker had sought to challenge a final determination of the Social Security Administration (SSA) that found he was not entitled to Supplemental Security Income (SSI) benefits. The issues presented on this appeal are whether the limitations period did, in fact, expire and whether the federal courts have the authority to make such a determination. After careful consideration, we conclude that jurisdiction does exist and there was no sufficient showing that the statute of limitations started to run more than 60 days prior to the filing of this action. Accordingly, we reverse and remand for a determination on the merits.

## FACTS

The facts of this case are straightforward. Appellant Matsibekker filed an application for SSI disability benefits on January 11, 1981. Upon initial consideration this application was denied. Appellant then asked for and received a hearing before an Administrative Law Judge (ALJ), and on August 26, 1982 the ALJ issued a decision, again denying the application. Next, appellant sought review before the Appeals Council of the ALJ's decision. In a letter dated October 14, 1982 the Council denied review. The letter was not mailed until October 21, seven days later. It was sent by certified mail to appellant at his home address. Matsibekker asserts that he never received it and thus had no actual notice of the Appeals Council ruling until early January 1983 when he was visiting a Brooklyn office of the SSA for the purpose of filing a new claim for benefits. At that time he was personally advised of the decision.

The SSA referred appellant to the Legal Aid Society. Legal Aid told appellant that it was unable to represent him and that he

should file a *pro se* complaint. Heeding this advice, appellant commenced the instant action by filing a complaint on January 21, 1983 in the district court. The government responded nearly four months later—on May 13—with a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. In an affidavit accompanying its motion, the government contended that appellant failed to file his complaint within 60 days from the date of receipt of the Appeals Council's October 14, 1982 letter denying his request for review. In addition, the government indicated that since appellant had not requested an extension of the 60 day limitations period from the Appeals Council he was time barred from raising the claim in district court.

Following submission of papers by both parties and a brief argument on the motion, the district court rendered an oral decision from the bench. In essence, the district court accepted the government's position. Without making a finding as to when appellant was apprised of the Appeals Council denial of review, Judge Bramwell nevertheless ruled that the complaint was filed after the statute of limitations had expired. The district court then dismissed the complaint without prejudice to appellant to apply to the SSA for an extension of the filing period.[1] It is from this decision that Matsibekker appeals.

## DISCUSSION

Judicial review of a determination made by the Secretary of Health and Human Services is controlled by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides in pertinent part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision

1. At oral argument the panel requested the government to consider withdrawing its opposition to this appeal. Later, the Assistant United States Attorney advised the panel that the Secretary of Health and Human Services had elected to continue her opposition.

or within such further time as the Secretary may allow.

If this statute were our only guide, then the government could have successfully moved to dismiss Matsibekker's complaint by proving that the Appeals Council mailed notice of its decision on October 21, 1982 and that Matsibekker did not file in the district court until January 21, 1983.

The Secretary, however, pursuant to her authority under section 405(g) to allow "further time" for the commencement of civil actions, promulgated 20 C.F.R. § 422.-210(c):

> Any civil action described in paragraph (a) of this section [including the present action] must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council *is received by the individual*, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. (emphasis supplied).

This provision alters the statutory filing period for all litigants. Rather than commencing on the date notice of decision is *mailed* to the claimant, the sixty day period starts from the time notice is *received* by the claimant. Moreover, the regulation creates a rebuttable presumption that receipt of notice shall be presumed to occur "5 days after the date of such notice." Having made these changes, the Secretary must adhere to them. *Cf. Dietsch v. Schweiker*, 700 F.2d 865, 868 (2d Cir.1983) (Secretary is bound by language of his notice of decision interpreting Social Security regulations to equate "mailing" with "filing").

■ In the present case, the Appeals Council's notice of decision was dated October 14, 1982 and, ordinarily, the government would be entitled to a presumption that appellant received such notice by October 19. Appellant, however, has successfully complied with his burden under 20 C.F.R. § 422.210(c) by making "a reasonable showing to the contrary." Specifically, he has shown that the notice of decision was not even mailed until October 21, 1982 and, therefore, could not possibly have been received by October 19. In other words, appellant rebutted the statutory presumption that he received notice within 5 days of the decision.

Despite this showing, the government still could have attempted to prove that appellant received actual notice more than 60 days prior to filing the complaint in district court. Clearly, the government failed to do so. Appellant alleged that he never received the Appeals Council letter mailed October 21, 1982, and he denied receiving actual notice of the decision before January 5 or 6, 1983. The government has made no showing or offered any evidence to controvert appellant's assertion of non-receipt. In that connection, since it is alleged that the October 21st mailing was by certified mail, perhaps some tangible evidence of receipt could have been offered as proof. It is not enough that the letter was mailed three months prior to the filing of this action since, as indicated, the limitations period runs from the time of receipt, not the time of mailing.

■ The government argues on appeal, as it did before the district court, that 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) vest exclusive power in the Secretary to grant extensions for good cause and that the district courts have no such authority to extend the time period beyond sixty days. We agree. But, this is not a case where a federal court is extending the 60 day period. Rather, we are determining whether that 60 day period has expired, and to do so we must first ascertain when the period began to run—*i.e.*, when appellant received notice of the Appeals Council decision. Other courts that have previously considered this issue agree that it is

within the district court's jurisdiction to determine whether the 60 day statute of limitations has run and, in particular, whether the claimant has made a "reasonable showing to the contrary" to rebut the presumption of receipt within five days of notice. *See Gibbs v. Harris*, 501 F.Supp. 124, 125 (D.Md.1980), *aff'd mem.*, 665 F.2d 1039 (4th Cir.1981); *Rouse v. Harris*, 482 F.Supp. 766, 768–69 (D.N.J.1980); *Chiappa v. Califano*, 480 F.Supp. 856, 857 (S.D.N.Y. 1979) (denying the government's motion to dismiss because plaintiff had made a reasonable showing to contradict the presumption of receipt within five days of the Appeals Council's notice of decision.)

Attempting to refute these cases, the government cites *Biron v. Harris*, 668 F.2d 259 (6th Cir.1982); *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir.1974); and *Freels v. Califano*, 474 F.Supp. 621 (E.D.Tenn.1979). *Whipp*, however, was decided before 20 C.F.R. § 422.210(c) was amended to make the 60 day period run from the time of receipt of notice rather than from the time of mailing. *Biron* and *Freels* are inapposite since in those cases receipt of notice was conceded.

Thus, in the instant case inasmuch as the presumption of receipt within five days of the decision was rebutted by Matsibekker and since the government failed to show that appellant actually received notice prior to January 5 or 6, 1983, appellant must be found to have complied with the 60 day statute of limitations when he filed his complaint on January 21, 1983.

Accordingly, the order of dismissal is reversed and the cause remanded to the district court for a determination on the merits.