**Yvonne E. WONG, Plaintiff,**

v.

**Otis BOWEN, Secretary, Health & Human Services, Defendant.**

**No. 87 CV 3479 (RJD).**

United States District Court, S.D. New York.

Nov. 24, 1987.

Yvonne E. Wong, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Diogenes P. Kekatos, New York City, for defendant.

MEMORANDUM ORDER

DARONCO, District Judge.

This case is before the Court upon the Secretary's Motion to Dismiss for want of subject matter jurisdiction.

On October 14, 1986, the Appeals Council denied plaintiff's request to review the adverse decision of an administrative law Judge. Subsequently, on February 19, 1987, the Appeals Council granted plaintiff

a 60 day extension of time in which to commence a civil action pursuant to 42 U.S.C. Section 405(g).

Under the Secretary's regulations, notice of the Appeals Council's determination is presumed to have been received within five days of the date of the notice. As a result, plaintiff had 65 days to commence a lawsuit; however, she did not file her Complaint until May 15, 1987. To excuse the untimeliness, plaintiff has submitted a letter from Dr. Jozef Niznik, who attributes plaintiff's lateness to the combination of limitations resulting from hypertensive cardiovascular disease.

As the Secretary points out, the 60 day limitation on judicial review of Social Security claims contained in Section 205(g) of the Act, 42 U.S.C. Section 405(g), is made exclusive by Section 205(h) of the Act and may not be extended by the Court. *Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir.1984). Because plaintiff does not contest that she received the Appeals Council's notice of extension dated February 19, 1987, within the presumed 5 day period, her time to file an action in Federal District Court expired on April 25, 1987. *Cf. id.*

Additionally, the principle of equitable tolling, which applies in the Social Security context, *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986), does not change the result. The government has done nothing to hide the nature of or existence of the claim from plaintiff, who must have understood the significance of the advisement contained in the Appeals Council's notice. Although the record does not reflect the reason therefore, plaintiff requested and was granted an extension of time in which to sue. This event gave her a second "bite" at the apple, which she lost through her own inaction.

The Complaint is dismissed for want of subject matter jurisdiction.

SO ORDERED.