89 F.3d 823
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Israel PINEIRO-SANCHEZ, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 95-1496.
 United States Court of Appeals, First Circuit.
 Dec. 26, 1995.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Jaime Pieras, Jr., Senior U.S. District Judge]
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Guillermo Gill, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney, Arthur J. Fried, General Counsel for Social Security, Randolph W. Gaines, Acting Principal Deputy General Counsel for Social Security, A. George Lowe, Acting Associate General Counsel, Litigation Division, and Richard Fox, Attorney, Office of the General Counsel, Social Security Administration, on brief for appellee.
 D.Puerto Rico
 VACATED.
 Before CYR, BOUDIN and LYNCH Circuit Judges.
 PER CURIAM.
 
 
 1
 After Israel Pineiro-Sanchez (or "claimant") was denied an administrative hearing to review a partial denial of Social Security disability benefits, the district court held that the hearing denial did not constitute a "final" decision for purposes of 42 U.S.C. § 405(g),[1] and that it therefore lacked subject matter jurisdiction to review the decision of the Social Security Administration ("SSA"). Claimant appealed. We now reverse and remand for further administrative proceedings.
 
 
 2
 In a Notice of Award dated February 26, 1992, the SSA determined that claimant was entitled to benefits from a disability onset date subsequent to that originally alleged by claimant, and it reduced the requested award accordingly. The Notice of Award informed the claimant: "You have 60 days to ask for an appeal. The 60 days start the day after you receive this letter." The critical factual dispute in the case is whether the claimant filed a timely appeal from this decision. The resolution of the dispute turns on when claimant received the Notice, and when he requested a hearing.
 
 
 3
 Claimant's counsel, Juan Hernandez Rivera, Esquire, ("Hernandez"), avers that he did not receive the Notice in San Juan, Puerto Rico, until March 9, 1992 12 days after the SSA mailed it from Baltimore, Maryland.[2] Hernandez further asserts that he requested a hearing on behalf of the claimant in a letter dated April 28, 1992. On the other hand, the Secretary contends that the deadline for filing an appeal was May 1, and that claimant missed the deadline because his hearing request was not received in the district office in Manati, Puerto Rico, until May 7. Consequently, in September 1992, an administrative law judge ("ALJ") sent a letter to Hernandez inquiring whether there was "good cause" to excuse the late filing. In response, Hernandez explained that he had not received the Notice until March 9, and that he had requested a hearing within 60 days thereafter.
 
 
 4
 Ultimately, the ALJ issued an order of dismissal after determining that claimant had failed to show "good cause" for failing to file the hearing request on time. Specifically, the ALJ found that: (1) counsel's representation that he had received the Notice on March 9 was not credible because mail normally takes no more than five days to reach Puerto Rico from Baltimore; and (2) counsel probably posted the hearing request on May 5, rather than April 28, since the district office received it on May 7.[3] The ALJ thereupon dismissed the appeal as untimely. Claimant then sought review by the Appeals Council, which concluded that SSA regulations afford no basis for reviewing an ALJ's discretionary dismissal. See infra note 5.
 
 
 5
 District court dismissals for lack of subject matter jurisdiction are reviewed de novo. Torres v. Secretary of Health and Human Services, 845 F.2d 1136, 1137 n. 1 (1st Cir.1988). The parties cite to a number of inapposite authorities addressing the discretionary power to deny requests for deadline extensions.[4] Here, however, the question is whether the claimant's hearing request was filed on time in the first instance. If so, we cannot doubt that he has been denied his statutory right to a hearing.[5] Absent controlling authority to the contrary, we find that the district court had jurisdiction under section 405(g) to review the agency decision denying claimant's request for a hearing in the first instance. See Matsibekker v. Heckler, 738 F.2d 79, 81-82 (2d Cir.1984).
 
 
 6
 The ALJ proceeded on the assumption that claimant's request for hearing in the first instance was late, then asked claimant to demonstrate "good cause" for missing the deadline. The district court implicitly indulged the same assumption in dismissing the complaint. On the other hand, the record on appeal includes a date-stamped copy of the back of the Notice of Award, which claimant contends demonstrates that Hernandez received the Notice on March 9, 1992. The mail supervisor at the Hernandez law firm submitted an affidavit corroborating this position as well. The Secretary countered with an affidavit substantially incorporating the ALJ's "findings."
 
 
 7
 On this record, the ALJ's determination that the appeal was untimely filed was unreasonable and cannot stand. We therefore remand to the ALJ for further proceedings. If the SSA seeks a hearing to offer evidence that, despite the clear implication of the evidence before us, including the date stamp and the mail clerk's affidavit, the appeal was not timely filed, we do not rule out such a hearing.[6] However, the SSA may, in the interests of efficiency, wish to avoid waste of time and effort by foregoing such a hearing; in this event, the ALJ should proceed to the merits of claimant's appeal.
 
 
 8
 The judgment of the district court is vacated and the case is remanded to the Secretary for further proceedings consistent with this opinion.
 
 
 
 [1]
 Section 405(g) provides that "any final decision of the Secretary made after a hearing" is judicially reviewable in the district court. 42 U.S.C.A. § 405(g) (West 1991 & Supp.1995)
 
 
 [2]
 There is no indication as to when, if ever, claimant himself received the Notice
 
 
 [3]
 In contrast to the affidavit the Secretary submitted to the district court, the order of dismissal lists May 3 as the filing deadline
 
 
 [4]
 See 20 C.F.R. § 416.1403(8) (1995) (a denial of a request to extend the time for filing an appeal is not reviewable by the "Appeals Council" or by the courts)
 
 
 [5]
 42 U.S.C.A. § 405(b)(1) (West 1991 & Supp.1995) (providing "reasonable notice and opportunity for a hearing" to review adverse decisions); see also 20 C.F.R. § 404.909(a)(1) (1995) (describing procedure for requesting reconsideration of initial determination)
 
 
 [6]
 We note, however, that in addition to the evidence that the Notice of Award was received on March 9, 1992, the claimant also produced credible evidence that he requested a hearing on April 28, that is, within the deadline urged by the Secretary. The ALJ appeared to believe that a hearing request is deemed filed when the district office receives it; this was error. Dietsch v. Schweiker, 700 F.2d 865, 868 (2d Cir.1983) (date of mailing controls). Moreover, the Secretary adverts to no evidence as to the processing of hearing requests in the district office, such as might rule out the possibility of delay in preparing the district office form that reflects May 7 as the date of receipt