**Eyleen MATIAS–GONZALEZ Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security Administration, Defendant.**

**Civil Action No. 98–40132–NMG.**

United States District Court,
D. Massachusetts.

Sept. 21, 1999.

Bruce E. Hopper, Worcester, MA, for plaintiff.

Rayford A. Farquhar, United States Attorney's Office, Boston, MA, for defendant.

### MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff Eyleen Matias–Gonzalez ("Matias–Gonzalez" or "Plaintiff") brings this action to review the dismissal by Defendant Kenneth S. Apfel, Commissioner of the Social Security Administration ("SSA") ("Defendant" or "the Commissioner") of her claim for benefits under Title XVI of the Social Security Act ("the Act"). Pending before this Court are 1) a motion by Defendant to dismiss this action for lack of subject matter jurisdiction (Docket No. 3), on the grounds that a "final decision" of the Commissioner, a prerequisite under the Act for judicial review, is lacking; and 2) a motion by Plaintiff to amend the complaint (Docket No. 7).

### I. Procedural Background

The procedural facts in this case, albeit somewhat convoluted and confusing, are

critical to the pending motions and thus warrant close attention in this opinion.

On March 31, 1993, Matias–Gonzalez filed an application for supplemental security income ("SSI") alleging disability commencing November 22, 1992 ("Application No. 1"). Application No. 1 was denied on May 14, 1993 and was not further appealed.

On October 7, 1993, Matias–Gonzalez filed a second application for SSI alleging disability commencing January 1992 ("Application No. 2") due to alleged heart problems, numbness in her legs, breathlessness, dizziness and chest pains. Application No. 2 was denied initially on February 4, 1994 and upon reconsideration on April 1, 1994. Subsequently, Matias–Gonzalez filed a request for hearing on May 26, 1994 and was heard before an Administrative Law Judge ("ALJ") nearly one year later on May 2, 1995. On June 21, 1995, the ALJ issued a decision denying Application No. 2. On August 18, 1995, Matias–Gonzalez filed a timely request for review of the decision of the ALJ.

During the pendency of the appeal of Application No. 2, the SSA misplaced the file relating to Application No. 2.[1] According to Plaintiff, SSA offices in Fitchburg and Worcester, Massachusetts, Phoenix, Arizona, and Falls Church, Virginia, could not locate her file.

Plaintiff maintains that during the time her file was missing, she attempted to submit additional new evidence pertaining to Application No. 2. However, Plaintiff was informed that the SSA was unable to receive and process any additional evidence on her application because her file could not be located. Plaintiff alleges that she was, therefore, unable to submit her additional evidence for consideration by the Appeals Council.

United States Senator John Kerry, Congressman James McGovern and members of their respective staffs attempted to locate the file to no avail. According to Plaintiff, the SSA eventually advised plaintiff, through her counsel, to reapply for benefits.[2]

As a result, Matias–Gonzalez reapplied for benefits on October 3, 1996 with a claimed onset of disability of January 1, 1992 ("Reapplication No. 2"). Reapplication No. 2 was denied initially and again upon reconsideration.

Shortly thereafter, the Application No. 2 file mysteriously reappeared and, on November 21, 1996, the Appeals Council denied plaintiff's August 1995 request for review of the denial of Application No. 2, thereby rendering the ALJ's determination a final decision, subject to judicial review. *See Da Rosa v. Secretary of Health and Human Services,* 803 F.2d 24, 25 (1st Cir.1986). No civil action seeking judicial review of that decision was filed.

On June 3, 1997, Plaintiff filed a timely request for hearing before an ALJ with respect to the denial of Reapplication No. 2. On July 22, 1997, Senior Attorney Advisor Constance Carter, with respect to Reapplication No. 2, found the claimant disabled since the filing date of that reapplication.

On September 4, 1997, an ALJ issued an order dismissing the June 3, 1997 request for hearing stating, "The Attorney Advisor Decision stands as the final decision of the Social Security Administration on the issue of the claimant's disability."

Upon learning of the attorney advisor's decision, Plaintiff promptly requested, on November 3, 1997, that the Appeals Council reopen Application No. 2, alleging, *inter alia,* new and material evidence to substantiate her claims of pain and inability to perform sustained sedentary work. On

1. The subsequent confusion presented by this case is, therefore, a direct result of the SSA's negligence in case file management and tracking.

2. The government does not dispute the plaintiff's assertion that the SSA misplaced Matias–Gonzalez's file and advised her to resubmit her application.

May 13, 1998, the Appeals Council denied Plaintiff's request to reopen, on the grounds that Plaintiff had failed to request reopening within the two-year time limit, in accordance with 20 C.F.R. § 416.1488. According to Matias–Gonzalez, notice of that denial was received by Plaintiff's counsel on or about May 18, 1998. On July 16, 1998 (within 60 days of her receipt of such notice), Matias–Gonzalez filed a civil action with this Court with respect to Application No. 2.

## II.  Motion to Dismiss

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of administrative decisions on claims arising under Title II of the Social Security Act, stating, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 205(h) further provides that

> [t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(h). The Supreme Court has held that section 205(g) of the Act provides the sole avenue of judicial review for Social Security disability claims. *Heckler v. Ringer,* 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)

■ The Commissioner maintains that this Court lacks jurisdiction over this action because there is no "final decision of the Commissioner made after a hearing" within the meaning of section 205(g) of the Act. Specifically, the Commissioner argues that section 205(g) does not authorize judicial review of its May 13, 1998 decision to deny Matias–Gonzalez's request to reopen Application No. 2. Indeed, this Court acknowledges that the decision of the Commissioner not to reopen a prior application is generally not subject to judicial review. *Califano v. Sanders,* 430 U.S. 99, 107–08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

The Supreme Court, however, has recognized the availability of judicial review where a denial of a petition to reopen is challenged on constitutional grounds. *Califano,* 430 U.S. at 109, 97 S.Ct. 980 (noting that "when constitutional questions are in issue, the availability of judicial review is presumed"); *see Canales v. Sullivan,* 936 F.2d 755, 758 (2d Cir.1991); *see also Jones v. Dep't of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir.1991)(holding that a decision not to reopen a prior determination is reviewable when a colorable constitutional claim is raised).

■ Here, plaintiff's argument on appeal appears to be one based, *inter alia,* on due process grounds. At a hearing held on July 27, 1999, Plaintiff informed this Court that, during the pendency of her August 18, 1995 request for review, she tried in vain to provide the Appeals Council with new and material evidence. According to Plaintiff, she was informed that the SSA's negligent misplacement of her file precluded the receipt of new and material evidence with respect to Application No 2.[3]

Therefore, when the Appeals Council finally found her file and then issued its denial on November 21, 1996, that alleged new evidence was not in the file for its consideration. Plaintiff argues that her

---

**3.** Plaintiff was told that, due to the SSA's inability to locate her file, the SSA lacked a "place" to file any additional evidence pertaining to Application No. 2 and was therefore incapable of receiving that evidence.

right to due process of law in the handling of her claim was violated because she was improperly denied the opportunity to present new and material evidence to the Appeals Council for its consideration. In light of Plaintiff's colorable due process challenge against the Commissioner's decision not to reopen Application No. 2, this Court determines that it has jurisdiction over this case.[4] Accordingly, the Commissioner's motion to dismiss will be denied.

Furthermore, to the extent that the Commissioner contends that Matias–Gonzalez missed her opportunity to seek judicial review on account of her failure to file a civil action within 60 days of the action taken by the Appeals Council on November 21, 1996, this Court takes exception and, although unnecessary to its decision, makes the following observations for the sake of completeness:

1) As Plaintiff pointed out to this Court at the hearing, at the time the Appeals Council denied her request for review of Application No. 2 on November 21, 1996, Reapplication No. 2 had already been filed and was pending.

2) Plaintiff maintains that the resolution of Reapplication No. 2 could have mooted any appealable issues regarding Application No. 2.

3) Without knowing the outcome of Reapplication No. 2, Plaintiff was unable to determine whether it was necessary to seek judicial review or to request the Appeals Council to reopen Application No. 2.

4) Shortly after learning of the Attorney Advisor Decision issued on July 22, 1997, Plaintiff properly requested the Appeals Council to reopen Application No. 2.

---

4. 20 C.F.R. § 422.210(c) provides that 1) the 60–day limitations period (set forth in Section 205(g) of the Act) starts from the date notice is received by the claimant and 2) receipt of notice shall be presumed to occur five days after the date of such notice, unless there is a

### III. Motion to Amend the Complaint

In response to the Commissioner's motion to dismiss, Plaintiff moved to amend her Complaint. In light of the Court's decision herein, however, the original complaint correctly states the relevant decision of the Appeals Council and need not be amended. Therefore, Plaintiff's motion to amend the complaint will be denied as moot.

### ORDER

For the foregoing reasons, Defendant's motion to dismiss (Docket No. 3) is **DENIED,** and Plaintiff's motion to amend the complaint (Docket No. 7) is **DENIED.** The Court anticipates that a motion to remand and/or to otherwise dispose of this appeal will be promptly forthcoming.

**So ordered.**

reasonable showing otherwise. *Accord Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir. 1984). Accordingly, it is undisputed that the filing of this civil action by the plaintiff on July 16, 1998, complied with the 60–day limitation.