10-0773-cv
Liranzo v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
                    GERARD E. LYNCH,
                                    *Circuit Judges*,
                    J. GARVAN MURTHA,
                                    *District Judge.*[*]

--------------------------------------------------------------------

MIGUEL LIRANZO,
                                    *Plaintiff-Appellant*,

                    v.                                                   No. 10-0773-cv

COMMISSIONER OF SOCIAL SECURITY,
                                    *Defendant-Appellee.*

--------------------------------------------------------------------

FOR APPELLANT:          JEREMY A. BERMAN, New York, New York.

FOR APPELLEE:           CANDACE SCOTT APPLETON, Assistant United States
                                    Attorney (Varuni Nelson, Kathleen A. Mahoney, Assistant
                                    United States Attorneys, on the brief), *for* Loretta E. Lynch,
                                    United States Attorney for the Eastern District of New York,
                                    Brooklyn, New York.

---

[*] The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Miguel Liranzo seeks Social Security disability benefits. After pursuing his claim unsuccessfully through the administrative process, Liranzo requested review in the district court. The district court dismissed his complaint as untimely, however, and refused to toll the statute of limitations.

On appeal, Liranzo first disputes the beginning of the limitations period. The applicable regulation starts the clock when an individual receives a notice of denial from the Appeals Council, which date is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); see Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

On the facts of this case, the district court did not err in concluding that Liranzo failed to make the required showing. Liranzo's argument that he did make such a showing – or at least enough to require a hearing – turns on several factual assertions. First, he stated that his mailbox is "outside of the premises and their fragile structure is easy to prey by the vandals in a low-income community." That allegation is insufficient, however, because he conspicuously refrains from stating that his mailbox was in fact vandalized at any time during the relevant period. Second, he stated that his "physical condition preclude[d] [him] from retrieving mail everyday because [he] live[d] on a second floor and climbing stairs is

very excru[c]iating." But, while this might explain learning about his claim several days after the notice arrived, it would not explain a delay of weeks or months, as here. Third, and finally, he notes that he visited the Social Security office in early November 2007 – after the statute of limitations had already run – and received a letter dated November 15, 2007, responding to his request for "information from [his] record." Although his visiting the Social Security office is consistent with non-receipt of the notice, it does little or nothing to prove it. The letter he received does not say what information he requested, and merely provides a list of legal representatives. In sum, the district court did not err in finding Liranzo had failed to make the "reasonable showing" required to overcome the presumption of receipt. Because we affirm the district court's ruling on these grounds, we need not address the Commissioner's other arguments.

Liranzo also challenges the district court's denial of equitable tolling in his case. Although courts may toll the statute of limitations in Social Security cases, see Bowen v. City of New York, 476 U.S. 467, 480 (1986), the district court did not abuse its discretion by refusing to do so here. Nothing about his situation was so "extraordinary" as to require tolling. See Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005).

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court