**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 11-1140

MICHELLE L. MCLAUGHLIN,

Plaintiff, Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

Andrew J. Bernstein and Law Offices of Joe Bornstein on brief for appellant.
Timothy A. Landry, Special Assistant U.S. Attorney and Thomas E. Delahanty II, United States Attorney, on brief for appellee.

October 27, 2011

**Per Curiam**.  Claimant Michelle McLaughlin appeals from the dismissal, on statute of limitations grounds, of her complaint challenging the denial of her applications for disability and supplemental security income benefits.  Under 42 U.S.C. § 405(g), a claimant has 60 days in which to commence an action for judicial review of such a denial, and the 60-day period runs from the date on which the claimant receives the Appeals Council's notice regarding its decision.[1]  See 20 C.F.R. § 422.210(c).  The regulation also creates a presumption that the date of receipt is five days after the date on the notice unless the claimant makes "a reasonable showing to the contrary."  Id.  The district court here concluded that claimant had not made such a showing and that the complaint therefore had been filed late.  Because the analysis underlying this conclusion is questionable, we vacate and remand for further proceedings.

## I.

It is undisputed that the Appeals Council's notice denying claimant's request for review is dated April 16, 2010, and claimant does not challenge the Commissioner's averment that the notice was mailed on the same day.  Receipt therefore is presumed to have occurred on April 21, and the 60-day limitations period

---

[1]We note that the parties and the district court all assumed that the date that a claimant, not his or her attorney, receives the notice is the triggering date.  Although there are different points of view, we express no opinion on the matter, and will proceed on the same assumption.

-2-

expired on June 21.  Claimant, however, did not file her complaint until June 28, seven days later.

In an effort to rebut the presumption of receipt on April 21, claimant filed her own affidavit and an affidavit from her then attorney.  As for counsel's affidavit, counsel stated that she had not received the Appeals Council's notice until Friday, April 30.  Counsel, also submitted, in support, a copy of the notice that had been date-stamped April 30 by the law firm's office personnel.

Claimant, in her own affidavit, then averred that, although she could not remember the exact date that she had received the Appeals Council's notice, she nonetheless was sure that receipt had not occurred until <u>after</u> April 21.  As for why she was sure, claimant essentially explained that she had spoken with counsel on either Monday or Tuesday, May 3 or May 4, regarding a possible appeal and that, since she was disappointed in the decision and anxious to learn about the next step, she would not have waited more than a "few days" after receipt to speak with counsel.  Based on the foregoing, claimant argued that since she and counsel were located in adjacent small towns in Maine, it was more than likely that she also had received the notice on Friday, April 30, or, at the earliest, on Thursday, April 29 – <u>i.e.</u>, a "few days" prior to the Monday, May 3 or Tuesday, May 4 phone conversation.

We pause to note, before proceeding further, that the district court and the parties all assumed that if receipt had occurred prior to Thursday, April 29, the June 28 complaint would be untimely. They are mistaken, however. That is, if receipt had occurred on Tuesday, April 27 or Wednesday, April 28, the 60-day time limit would have expired on Saturday, June 26 or Sunday, June 27 respectively. Thus, even if claimant had received the notice on either of these earlier dates, she still had until Monday, June 28 to file a timely complaint.

Turning to the merits, then, the magistrate judge to whom the matter had been referred determined that claimant's showing was insufficient to rebut the presumed receipt date of April 21. The analysis underlying this conclusion, however, is somewhat confusing, and we therefore describe it in some detail.

In this regard, the magistrate judge first determined (1) that the April 30 receipt date by claimant's attorney did not corroborate claimant's assertion that she herself had received the notice on or after April 29 and (2) that an equally reasonable inference was that claimant had received the notice on April 28 or April 27 (which, as noted, everyone assumed would make the complaint late but which, in reality, would still result in a timely filing). Recommended Decision, at 3-4. Based on these findings, the magistrate judge then concluded as follows:

> The evidence presented by McLaughlin
> concerning her receipt date is not

-4-

> sufficient to rebut the regulatory presumption of receipt on April 21. Attorney Jordan's receipt date, her office's corroborating date stamp, and McLaughlin's vague personal recollections <u>make it plausible that McLaughlin received the notice after April 21</u>, but they do not make it probable that [she] received the notice on or after April 29.

<u>Id.</u> (emphasis added).

From the foregoing, it seems that the magistrate judge essentially was requiring claimant to show, in order to rebut the presumed receipt date of April 21, that she had received the notice not only after the 21st but also on or after April 29 (the wrong date in any event). Another possibility is that the magistrate judge was conflating two separate inquiries: (1) whether claimant had rebutted the regulatory presumption -- <u>i.e.,</u> whether she had demonstrated that she had received the notice after April 21 (which may have been answered in the affirmative); and (2) if so, whether the complaint had been timely filed -- <u>i.e.,</u> whether claimant had <u>actually</u> received the notice within 60 days of the June 28 filing (which appears to have been answered in the negative).

The district court, without discussion, adopted the magistrate judge's recommended decision, and judgment entered dismissing the complaint. Given the confusion, we think that a remand is in order so that the district court, in light of the following, can reconsider the motion to dismiss.

## II.

We begin with the presumption. It seems clear to us that a claimant need not allege a specific date of receipt of the Appeals Council's notice in order to make a reasonable showing that he or she received the notice after the five-day presumptive period had ended. Indeed, some claimants, for various reasons, assert that they never received the notice and, as such, simply cannot allege any receipt date. Thus, to the extent that the district court was requiring claimant to establish exactly when she received the notice in order to show receipt after April 21, this was error.

As for rebutting the presumption, it is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption. See, e.g., McCall v. Bowen, 832 F.2d 862, 864-65 (5th Cir. 1987); Leslie v. Bowen, 695 F. Supp. 504, 506 (D. Kan. 1988); Rouse v. Harris, 482 F. Supp. 766, 768-69 (D.N.J. 1980). On the other end of the spectrum, courts have found that the presumption has been rebutted where a claimant can show that the Appeals Council's notice had not been mailed until five days after the date on the notice or that the notice had been mailed to an incorrect address. See, e.g., Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984); Chiappa v. Califano, 480 F. Supp. 856, 857 (S.D.N.Y. 1979).

-6-

The case at hand, we think, falls somewhere between the two situations outlined above. That is, claimant did not merely aver that she had failed to receive the Appeals Council's notice prior to April 21. Rather, she provided an explanation for why she was sure that receipt had occurred after the 21st and she submitted evidence in support -- i.e., her attorney's copy of the notice, dated-stamped April 30. A case on point, and to which we direct the court's and the parties' attention, is Pettway v. Barnhart, 233 F. Supp. 2d 1354 (S.D. Ala. 2002).

We only pause to address the Commissioner's observation regarding the failure of claimant's counsel to have requested an extension of the deadline to submit the complaint. We assume, although the Commissioner does not spell it out, that he is arguing that counsel's lack of diligence somehow should be taken into account in determining whether the presumption has been rebutted. While we disagree, we note that the lack of diligence is clear.

Even with a receipt date of April 30, over six weeks remained in which a complaint could have been timely filed by June 21, the date the limitations period expired, if receipt had occurred on the presumed date of April 21. Thus, this whole matter could have been avoided had the complaint been filed sometime during these six weeks. Although this lack of diligence bars the application of equitable tolling, see Donahue v. United States, 634 F.3d 615, 629 (1st Cir. 2011) ("[d]ue diligence is a prerequisite

-7-

for equitable tolling"), it is not relevant to rebutting the presumption. See Pettway, 233 F. Supp. 2d at 1363 ("[s]atisfaction of the statute of limitations . . . depends on when events did occur and not on when they might more prudently have been arranged"). Further, and the Commissioner cites no cases to the contrary, it seems clear that, under the regulation, once the presumption has been rebutted, a claimant has the full 60 days in which to file his or her complaint.

Last, we turn to the second step in the statute of limitations analysis -- i.e., whether, if the presumption has been rebutted, the complaint was timely filed within 60 days of the date that claimant received the Appeals Council's notice. In this regard, since the statute of limitations in the case at hand is an affirmative defense, the burden is on the Commissioner, not the claimant, at this stage of the proceedings. See Fed. R. Civ. P. 8(c)(1); McCall, 832 F.2d at 864; Matsibekker, 738 F.2d at 81; Pettway, 233 F. Supp. 2d at 1363; Sinatra v. Heckler, 566 F. Supp. 1354, 1358-59 (E.D.N.Y. 1983) (holding that "the presumption contained in the regulations is of the going-forward variety, with the ultimate burden of persuasion with respect to lack of timely filing on the agency"). Thus, once the presumption has been rebutted, the Commissioner must "prove that [the claimant] received actual notice more than 60 days prior to filing the complaint in district court." Matsibekker, 738 F.2d at 81. Here, if the

-8-

district court, in fact, made it to this step of the analysis, the burden erroneously was placed on claimant to show a timely filing.

<u>III</u>.

Given the foregoing, the judgment of the district court is <u>vacated</u> and the matter is <u>remanded</u> for further proceedings consistent with this opinion.  No costs are awarded.