Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 16-2188

DAVID PEABODY GRANT,

Plaintiff, Appellant,

v.

NANCY A. BERRYHILL,[*]
Acting Commissioner of Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Riley L. Fenner, on brief for appellant.
Timothy S. Bolen, Special Assistant United States Attorney, Social Security Administration, Office of the General Counsel, and Thomas E. Delahanty II, United States Attorney, on brief for appellee.

August 16, 2017

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Acting Commissioner Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as defendant-appellee.

**Per Curiam**.    Claimant-Appellant David Peabody Grant ("Grant") appeals from the dismissal, on statute of limitations grounds, of his complaint, which challenged the denial of his claim for social security disability benefits.  Because Grant failed to rebut the statutory presumption that the day of receipt of notice of the decision by the Appeals Council was five days after it was issued, we agree that his complaint was untimely filed and thus, we affirm.

## I. Background

Grant filed for social security disability insurance benefits ("SSDI") on October 22, 2012.  His claim was denied by the Social Security Administration on January 24, 2013, and again on reconsideration on April 16, 2013.  A hearing was held before an administrative law judge ("ALJ") on June 12, 2014.[1]  On July 28, 2014, the ALJ issued an unfavorable decision finding Grant not disabled, and therefore ineligible for SSDI.  Grant sought review from the ALJ's decision before the Appeals Council.  On July 21, 2015, by Notice of Appeals Council Action (the "Notice"), the Appeals Council denied the request for review, making the ALJ's decision final.  The notice included the following information:

---

[1] During the course of this hearing, Grant was represented by Mr. Peter Clifford, a non-attorney representative.

**Time to File a Civil Action**

You have 60 days to file a civil action (ask for court review).

The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

On September 28, 2015, Grant filed the current civil action in the United States District Court for the District of Maine against the Acting Commissioner of the Social Security Administration (the "Commissioner") asking for judicial review of the Commissioner's final decision. On March 4, 2016, the Commissioner filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging that the complaint was filed untimely pursuant to 42 U.S.C. § 405(g)(2015). On June 27, 2016, Magistrate Judge John H. Rich issued a Report and Recommendation on the Motion to Dismiss, where he recommended that the motion be granted and the complaint dismissed because Grant was unable to demonstrate that the complaint was timely filed. On July 20, 2016, the district court made a de novo determination and concurred with the

- 3 -

Magistrate's recommendation granting the Commissioner's motion to dismiss. This appeal followed.

## II. Analysis

Grant argues that the district court erred when it dismissed his complaint as untimely. He posits that he met his burden of rebutting the statutory presumption by showing that he received the Notice of the decision by the Appeals Council more than five days after the date of such Notice and that he filed his complaint within sixty days of having received the Notice.

Our review of the district court's grant of a Rule 12(b)(6) motion is de novo. O'Shea ex rel. O'Shea v. UPS Ret. Plan, 837 F.3d 67, 77 (1st Cir. 2016). In our review, we take "all factual allegations in the complaint as true and draw[] all reasonable inferences in the non-moving party's favor." Id.

Congress has prescribed the exclusive procedures and conditions that govern judicial review of a Commissioner's final decision. 42 U.S.C. § 405(g) provides a claimant with sixty days to initiate a civil action seeking judicial review of such decision. This sixty-day limitation period begins after a claimant receives the Appeals Council's notice of denial of request for review. See 20 C.F.R. § 422.210(c) (1997). At the same time, this regulation "creates a presumption that the date of receipt is five days after the date on the notice unless the claimant makes

- 4 -

'a reasonable showing to the contrary.'" McLaughlin v. Astrue, 443 F. App'x 571, 572 (1st Cir. 2011) (quoting 20 C.F.R. § 422.210(c)). If a claimant is able to rebut the presumption, then the Commissioner "must prove that [the claimant] received actual notice more than 60 days prior to filing the complaint in district court." Id. at 575 (alteration in original) (citation omitted); see also Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

The sixty-day filing period "is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citing Mathews v. Eldridge, 424 U.S. 319, 328 n.9 (1976)). This limitation period constitutes "a condition on the waiver of sovereign immunity and thus must be strictly construed." Id. at 479. Consequently, 42 U.S.C. § 405(g) "generally precludes late judicial challenge to the denial of benefits." Piscopo v. Sec'y of Health & Human Servs., No. 93-2326, 1994 WL 283919, at *3 (1st Cir. 1994) (citation omitted).

The record before us shows that the Appeal Council's Notice denying Grant's request for review is dated July 21, 2015. Accordingly, the presumed five-day period ended on July 26, 2015. The sixty-day period to file a complaint for judicial review of the Commissioner's determination concluded on Thursday, September

- 5 -

24, 2015.[2]  Grant filed his complaint on Monday, September 28, 2015.

Grant argues that the sixty-day period started to run on the date of his alleged actual receipt of the Appeal's Council Notice, on or about August 1, 2015, and therefore lasted until September 30, 2015.  In order to rebut the presumption of receipt on July, 26, 2015, Grant filed his own affidavit and a facsimile transmission.  In these documents Grant contends that he "received notice of the Appeals Council's decision . . . on or after August 1, 2015."  However, the facsimile transmission does not provide any evidence supporting a date of receipt, but instead only notes when Grant contacted his current attorney.  The only relevant evidence claimant has provided is his own affidavit.

It has been "fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption."  McLaughlin, 443 F. App'x at 574; see also McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987).  In this case, Grant merely recalls receiving the notice on or after August 1, 2015. Yet, this is insufficient to rebut the presumption that the notice

---

[2] Grant did not dispute this calculation.

was received within five days of its issuance. Cf. e.g., Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 436-37 (6th Cir. 2007). Without a reasonable showing to the contrary by Grant, it is presumed that he received notice on July 26, 2015. The last day to file a complaint seeking judicial review of the Commissioner's determination under § 405(g) was September 24, 2015. Grant filed his complaint on September 28, 2015, and thus it was four days late.

Grant further contends that the Commissioner makes the presumption that the Notice was received within five days after it was issued without providing corroborating evidence that the Appeals Council's Notice was actually mailed to him on July 21, 2015. This argument, however, is inapposite. It is Grant who had the burden of rebutting the presumption. This presumption is not derived from any assessment of evidence provided by the Commissioner, but rather from the agency's regulation. 20 C.F.R. § 422.210(c). Only if a claimant successfully rebuts the presumption must "the Commissioner . . . 'prove that [the claimant] received actual notice more than 60 days prior to filing the complaint in district court.'" McLaughlin, 443 F. App'x at 575 (emphasis omitted) (citing Matsibekker, 738 F.2d at 81). That was not the case here.[3]

---

[3] We express no opinion on the matter of whether the triggering

### III. Conclusion

Given the foregoing, Grant's complaint was untimely filed, and for that reason we affirm the judgment of the district court.

---

date for the sixty-day period begins on the date the claimant or his or her attorney receives the notice, but take note that another circuit has determined "that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." <u>Bess</u> v. <u>Barnhart</u>, 337 F.3d 988, 990 (8th Cir. 2003).